# United States District Court

## WESTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | ORDER OF DETENTION |
| V. | PENDING TRIAL |
| **Christopher Scott Atkinson** | Case Number: 1:05-CR-104 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has a lengthy criminal record which includes two convictions for armed robbery, possession of a firearm in commission of a felony, a felony firearms offense, being an habitual offender, and aggravated assault. While on parole at various times, defendant has been convicted of armed robbery and various weapons offenses. The present charges also occurred while defendant was on parole.

In the present case, even though defendant is only charged with being a felon (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community or the two persons who were victims of defendant's assaults in the incident giving rise to his felon in possession charge. Defendant has repeatedly been placed on parole only to commit new and violent offenses. Since defendant has not hesitated to commit violent offenses while on parole, there is no reason to believe his behavior would change if he were on bond. (Continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 16, 2005

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Atkinson
1:05-CR-104
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

### Alternate Findings (B) - (continued)

in possession of a firearm, he apparently used it to assault his girlfriend, smash a car window, and threaten to kill another man. He is currently in the custody of the MDOC pending disposition of his parole violations.

### Part II - Written Statement of Reasons for Detention - (continued)

Further, in the present case, the two witnesses best able to describe defendant are the two people he has already threatened; moreover, his willingness to employ violence based upon what appears to be an emotional attachment in this instance, makes the risk of further assault even higher. Finally, there is no certainty that he will be retained in the Michigan Department of Corrections during the pendency of this action.