UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

       Plaintiff,

                                                    File No.  1:05-CR-104

v.

                                                    HON. ROBERT HOLMES BELL

CHRISTOPHER SCOTT ATKINSON,

       Defendant.
                                                 /

## **MEMORANDUM OPINION AND ORDER**

On October 6, 2005, this Court entered an order dismissing the indictment in this case without prejudice on the government's motion under FED. R. CRIM. P. 48(a). On October 18, 2005, Defendant filed a pro se motion to dismiss the indictment with prejudice. Defendant filed a second pro se motion to dismiss the indictment with prejudice on December 30, 2005.

This Court lacks jurisdiction to entertain Defendant's motion to dismiss with prejudice because the indictment has already been dismissed and there is no case or controversy before this Court. *See United States v. Mason*, No. 04-30402, 2004 WL 2244161 (5th Cir. Oct. 1, 2004) (unpublished) (holding that defendant's motion to dismiss indictment was without jurisdictional basis because indictment had been dismissed without prejudice and the criminal proceeding was no longer pending).

Even if this Court were to construe Defendant's motion to dismiss with prejudice as a motion for reconsideration of the order dismissing the indictment without prejudice, the

Court would nevertheless deny the motion for lack of merit.  Dismissals pursuant to Rule 48(a) are generally without prejudice unless there is evidence that the motion was made in bad faith, was intended to harass the defendant, or would otherwise be contrary to the public interest.  *See, e.g., United States v. Reyes*, 102 F.3d 1361, 1367 (5th Cir.1996); *United States v. Matta*, 937 F.2d 567, 568 (11th Cir. 1991); *United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974).

In this case the government moved to dismiss the original indictment without prejudice due to the unavailability of key government witnesses.  Defendant does not contest this asserted basis for dismissal.  Neither does he allege that the government's request for dismissal was made in bad faith, with intent to harass, or was otherwise contrary to the public interest.  Instead, Defendant asserts that he is entitled to dismissal of the felony firearm charges against him with prejudice because he was not tried within the time limitation provided by the Interstate Agreement on Detainers, ("IAD"), 18 U.S.C. App. § 2.

The IAD is a compact that enables participating States, including the United States, to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges.  *Reed v. Farley*, 512 U.S. 339, 341 (1994).  The IAD requires that trial of a transferred prisoner be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State, and for dismissal of the charges with prejudice if the trial does not occur within the prescribed time period.  *Id.* at 341-42.  If the United States files a detainer under the IAD, it is subject to the requirements of the IAD.  *United States v. Crozier*,

2

259 F.3d 503, 513 (6th Cir. 2001). However, the United States is not required to file a detainer under the IAD in order to obtain custody over a state prisoner. *Id.* The United States may rely on the statutory authority of federal courts to issue writs of habeas corpus *ad prosequendum* to secure the presence at trial of federal defendants who are in state custody. *Id.* (citing *United States v. Mauro*, 436 U.S. 340, 357-58,(1978)).

The evidence in this case reflects that Defendant was transferred from state to federal custody not pursuant to a federal detainer, but rather pursuant to a writ of habeas corpus *ad prosequendum*. (Docket # 3). Accordingly, the government was not bound by the limitations period under the IAD.

Defendant's remaining assertions regarding violations of the Speedy Trial Act, Rule 5(a) of the Federal Rules of Criminal Procedure, and his constitutional right to a speedy trial, are similarly without merit. The docket sheet reflects the following sequence of events in Defendant's criminal case: Defendant was arrested on June 2, 2005 (Docket # 6); made his initial appearance on June 13, 2005 (Docket # 7); was arraigned on June 16, 2005 (Docket # 15); filed a motion to suppress on August 4, 2005; the motion was denied on September 29, 2005, following an evidentiary hearing (Docket # 25); and the government filed its motion to dismiss on October 6, 2005. (Docket # 36). Defendant has not shown any unnecessary delay prior to his initial appearance in violation of FED. R. CRIM. P. 5(a). Neither has he shown a Speedy Trial Act violation when the excludable time for resolution of his motion is factored in. 18 U.S.C. § 3161(h)(1)(F). Finally, he has not made the showing of prejudice

that is required to establish a violation of his constitutional right to a speedy trial. *Reed*, 512 U.S. at 353.

For all these reasons, Defendant's motion for dismissal with prejudice lacks merit. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Christopher Scott Atkinson's motions to dismiss with prejudice (Docket #'s 39 & 43) are **DENIED**.


Date:    January 5, 2006          /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE